UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN SMITH, | |
| Petitioner, | Civil Action No. 13-1876 (CCC) |
| v. | **MEMORANDUM AND ORDER** |
| CHRISTOPHER HOLMES, et al. | |
| Respondents. | |

This matter having come before the Court on the Petition for Writ of Habeas Corpus ("Petition") of Petitioner Stephen Smith ("Petitioner"), for relief under 28 U.S.C. § 2254; the Court having considered the Petition, the records of proceedings in this matter, and the Answer of Respondents (Robert J. Wisse, Assistant Prosecutor, Passaic County Prosecutor's Office, appearing); it appearing that:

1. Upon the Court's review, it appears that the Petition is time-barred by one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1).

2. Respondents, in their Answer, did not address this timeliness issue.

3. Nevertheless, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). The district court may raise *sua sponte* the AEDPA statute of limitations defense even after an answer has been filed. *Day*, 547 U.S. at 209; *Long v. Wilson*, 393 F.3d 390, 404 (3d Cir. 2004). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions. Further, the court must assure itself that the petitioner is not significantly

prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Day*, 547 U.S. at 210. "[A]fter the Rule 4 period has ended, courts may continue to raise the AEDPA statute of limitations issue *sua sponte*, but only after providing . . . notice, an opportunity to respond, and an analysis of prejudice." *U.S. v. Bendolph*, 409 F.3d 155, 158 (3d Cir. 2005). "[T]he AEDPA statute of limitations is an important issue, the raising of which may not necessarily be left completely to the state." *Long*, 393 F.3d at 402. "[T]he statute of limitation implicates the interests of both the federal and state courts, as well as the interests of society, and therefore it is not inappropriate for the court, on its own motion, to invoke the doctrine." *Id.* (quoting *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000)).

4. Based on the Court's review of the Petition and Answer, it appears that the Petition is statutorily time-barred. Petitioner's sentence and conviction were affirmed on direct appeal, and certification was denied by the New Jersey Supreme Court on March 27, 2008. *State v. Smith*, 194 N.J. 445 (2008). Petitioner filed an application for post-conviction relief in April 2008. (ECF No. 14-10 at 4.) That application was denied on January 26, 2010. *Id.* Petitioner timely appealed on March 3, 2010, (ECF No. 14-5 at 4), and the PCR denial was affirmed by the Appellate Division on August 11, 2011. (ECF No. 14-10 at 1.) Thereafter, Petitioner filed a belated petition for certification on January 4, 2013, and certification was denied by the New Jersey Supreme Court on July 12, 2013. (ECF No. 14-13 at 1.)

5. It is that delay in filing the petition for certification with the New Jersey Supreme Court that caused Petitioner's AEDPA limitations period to expire. State rules require that a petition for certification with the New Jersey Supreme Court be filed within 20 days after the final judgment of the Appellate Division. N.J. Court Rules 2:12-3(a). As such, Petitioner's petition for

certification would be timely only if it was filed on or before August 31, 2011. When an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between expiration of the time to appeal and when the appeal was actually filed. *Swartz v. Meyers*, 204 F.3d 417, 423 n.6 (3d Cir. 2000) ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation"). By the time Petitioner filed his belated petition for certification on January 4, 2013, more than a year later, Petitioner's one-year limitations period had already run. As such, the instant Petition, filed on April 4, 2013 and dated March 29, 2013, is statutorily time-barred.

6. Because the Court is raising *sua sponte* the issue of timeliness, the Court will give Petitioner a chance to argue for equitable tolling. Particularly, Petitioner may submit to this Court any arguments, supported by evidence, why the delay in filing the petition for certification detailed above should be excused and equitably tolled. Petitioner may also raise any other argument as appropriate with regard to the timeliness of the Petition, including those relating to prejudice.

**IT IS** therefore on this 13 day of November, 2015,

**ORDERED** that Petitioner shall, within 30 days of the date of entry of this Order, show cause in writing, in the manner directed above, as to why the Petition should not be denied as time-barred; *see Day*, 547 U.S. at 209 (holding that a show cause order is an appropriate method for the court to give notice to a petitioner for the *sua sponte* raising of a timeliness issue); it is further

**ORDERED** that Respondent shall have 14 days, after receipt of Petitioner's submission above, to respond; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

_____
Claire C. Cecchi
United States District Judge