UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                            :
**STEPHEN SMITH,**                          :
                                            :
                 Petitioner,                :         **Civ. No. 13-1876 (JMV)**
                                            :
        v.                                  :         OPINION
                                            :
**CHRISTOPHER HOLMES, et al.,**             :
                                            :
                 Respondents.               :
_____:

APPEARANCES:
Stephen Smith, # 545761
Southern State Correctional Facility
4295 Route 47, Unit 6L-F7dn
Delmont, NJ 08314
        Petitioner Pro se

Robert J. Wisse, Esq.
Assistant Prosecutor, Passaic County
401 Grand St.
Paterson, NJ 07505
        Counsel for Respondents

**<u>VAZQUEZ, District Judge</u>**

## I.        <u>INTRODUCTION</u>

On or about April 4, 2013, Petitioner Stephen Smith filed the instant Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1).   In an Order dated November 13,

2015, this Court directed Petitioner to show cause, in writing, as to why the Petition should not

be denied as time barred.  (ECF No. 19).  This matter is presently before the Court upon receipt

of Petitioner's response to the order to show cause.  (ECF No. 20).

II.     <u>DISCUSSION</u>

As explained in the Court's November 13, 2015 Order, petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244. *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013).  Generally, that limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*  A properly filed post-conviction relief ("PCR") application will normally statutorily toll the AEDPA limitations period. *See* 28 U.S.C. § 2244(d)(2). However, when an untimely appeal is filed—even if the appeal is accepted as properly filed by the state appeals court—statutory tolling does not include the period between expiration of the time to appeal and when the appeal was actually filed. *Swartz v. Meyers*, 204 F.3d 417, 423 n.6 (3d Cir. 2000) ("We . . . agree that the time during which Swartz's *nunc pro tunc* request for allowance of appeal was pending does not toll the statute of limitation."); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S. Ct. 1807, 1812, 161 L. Ed. 2d 669 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (citation and internal quotations omitted).

In this case, the appellate division affirmed the denial of Petitioner's PCR application on August 11, 2011.  (ECF No. 14-10 at 1).  New Jersey State rules require that a petition for certification with the New Jersey Supreme Court be filed within 20 days after the final judgment of the appellate division. N.J. R. A. R. 2:12-3(a).  Thus, in order to be timely, Petitioner's petition for certification had to be filed by August 31, 2011.  Instead, Petitioner filed his petition for certification on January 4, 2013, 492 days beyond the deadline.

Because Petitioner's appeal of his PCR petition became final on August 31, 2011—20 days after his appeal was denied, at the expiration of his time to file a petition for certification to the New Jersey Supreme Court—the statute of limitations for filing a habeas petition expired one year later, on August 31, 2012.  Thus, by the time Petitioner filed his petition for certification on January 4, 2013, his one year AEDPA statute of limitations had already expired.  Presented with this timeline, this Court, *sua sponte* raised the issue of timeliness.  *See Day v. McDonough*, 547 U.S. 198, 209, 126 S. Ct. 1675, 1684, 164 L. Ed. 2d 376 (2006) (holding that "district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition"); *Long v. Wilson*, 393 F.3d 390, 404 (3d Cir. 2004).  Petitioner was afforded an opportunity to set forth an argument in favor of equitable tolling and to demonstrate why the Petition should not be denied as time barred.[1]  *See Day*, 547 U.S. at 210 ("[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.") (citations omitted); *United States v. Bendolph*, 409 F.3d 155, 168 (3d Cir. 2005).

Petitioner's responsive submission is dated December 6, 2015. (ECF No. 20).  In this document, Petitioner concedes that he did not submit his petition for certification to the New Jersey Supreme Court in a timely manner.  Aside from a general assertion regarding "his precarious position of being incarcerated, the lack of access to legal materials and counsel, and general circumstances beyond his control" (ECF No. 20 at 2), Petitioner does not provide an explanation for the delay in the filing of the petition for certification.  Rather, he states that the petition for certification "was not significantly late and not a product of bad faith, or of lack of due diligence."  *Id.*  Petitioner argues that enforcing the statute of limitations and barring his

---

[1] Per the Court's November 13, 2015 Order, Respondents were permitted to file a response within 14 days of receipt of Petitioner's submission.  As of the date of this Opinion and Order, no response was filed on the docket.

Petition for timeliness reasons would amount to a miscarriage of justice and would be prejudicial to him. *Id.* at 2-3.

Petitioner has offered no reason which would warrant equitable tolling of AEDPA's one year statute of limitations.  Equitable tolling "is a remedy which should be invoked 'only sparingly.' " *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).  To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).

Here, Petitioner has not shown the existence of extraordinary circumstances.  The Court recognizes and appreciates that Petitioner is not "versed in law, nor is he profficient [sic] in court proceedure [sic]." *Id.*  However, it is well-settled that a prisoner's ignorance of the law and lack of legal expertise does not excuse his failure to make a prompt and timely filing. *See Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999) (misunderstanding insufficient to excuse prisoner-petitioner's failure to comply with the statute of limitations); *see also, Holland v. Florida*, 560 U.S. 631, 633, 130 S. Ct. 2549, 2553, 177 L. Ed. 2d 130 (2010) (holding that "equitable tolling is not warranted for a garden variety claim of excusable neglect") (citation omitted); *Hendricks v. Johnson*, 62 F. Supp. 3d 406, 411 (D. Del. 2014) (collecting cases).

Moreover, although he states that the petition for certification "was not significantly late" (ECF No. 20 at 2), it was filed 492 days past the August 31, 2011 deadline, and 126 days after the one year AEDPA statute of limitations expired on August 31, 2012.  Petitioner has offered no explanation for this delay.  Therefore, although the remainder of Petitioner's filings appear timely, he has failed to demonstrate that he exercised reasonable diligence in pursuing the appeal

of the PCR court's decision. *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citing *Jones*, 195 F.3d at 160) (holding that the obligation to exercise reasonable diligence exists during the period petitioner is exhausting state court remedies).

Petitioner's remaining arguments are unavailing.  First, to the extent he discusses the standard for a request to amend under Federal Rule of Civil Procedure 15 (ECF No. 20 at 3), and requests that this matter be remanded for further proceedings (*id.* at 4), the Court finds that these arguments are irrelevant to the issue of equitable tolling and inapplicable to the instant case. Petitioner seeks neither to remand the matter nor to amend his Petition.  Further, to the extent Petitioner asserts that "the factual predicate [for the relief sought] could not have been discovered earlier through the exercise of reasonable diligence" (*id.*), the Court finds that this argument is without merit.  Presumably, Petitioner drew this language from 28 U.S.C. § 2244(d)(1)(D), which states that the one-year statute of limitations period runs from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  However, Petitioner does not allege that any factual predicate was discovered after the conclusion of his PCR appeal which would justify his otherwise untimely filing of his petition for certification to the New Jersey Supreme Court.  Thus, there is no reason for this Court to conclude that the statute of limitations began to run on any other date than August 31, 2012—the date on which Petitioner's time to file his petition for certification to the New Jersey Supreme Court expired. *See Ross*, 712 F.3d at 798.

In sum, Petitioner "has not alleged facts sufficient to show that 'sound legal principles as well as the interests of justice' demand pursuit of the 'sparing' doctrine of equitable tolling." *Robinson v. Johnson*, 313 F.3d 128, 143 (3d Cir. 2002) (quoting *Jones,* 195 F.3d at 159). Therefore, the Court rejects Petitioner's equitable tolling argument and finds that the present

habeas petition is barred by the statute of limitations. *See, e.g., Bryant v. D'Ilio*, No. 14-6097, 2016 WL 280401, at *2 (D.N.J. Jan. 21, 2016) (denying equitable tolling argument where petitioner was not diligent in following the progress of his appeals in state court).

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted), cited in *United States v. Williams*, 536 F. App'x 169, 171 (3d Cir. 2013).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), cited in *Kaplan v. United States*, No. 13–2554, 2013 WL 3863923, *3 (D.N.J. July 24, 2013).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.  No certificate of appealability shall issue.

IV.   <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus is

DISMISSED with prejudice as time barred, and Petitioner is DENIED a certificate of

appealability.   An appropriate order follows.

<u>s/ John Michael Vazquez</u>
JOHN MICHAEL VAZQUEZ
United States District Judge

Dated:  04/14/2016